**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                  :
In re:                                            :     Chapter 15
                                                  :
Petition of Alexey Vasilyevich Grudtsin, as       :     Case No. 09-16064 (JMP)
Bankruptcy Trustee and Foreign Representative of  :
CJSC AUTOMATED SERVICES (a/k/a ZAO                :
AUTOMATED SERVICES)                               :
                                                  :
           Debtor.                                :
                                                  :
-----------------------------------------------------------------x

### ORDER GRANTING INTERIM RELIEF PURSUANT TO SECTIONS 1519 AND 1521 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2004 AND 9016

Upon the motion (the "Motion"), dated October 9, 2009, of Alexey Vasilyevich Grudtsin,

as the duly authorized foreign representative (the "Foreign Representative") of CJSC Automated

Services (a/k/a ZAO Automated Services) (the "Company"), a company organized under the

laws of the Russian Federation and the subject of an insolvency proceeding (the "Foreign

Proceeding") pending before the Arbitration Court of the City of Moscow (the "Foreign Court"),

seeking entry of an order granting interim relief pursuant to sections 1519 and 1521 of title 11 of

the United States Code (the "Bankruptcy Code") and Rules 2004 and 9016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the verified petition (the "Verified

Petition") in furtherance of the Official Form Petition (the "Petition") of the Foreign

Representative, dated October 9, 2009, and all related documents thereto; and having reviewed

the Motion, the Petition, the Verified Petition, and all related documents thereto, the Court finds

and concludes that a showing has been made as follows:

1.      Absent interim relief under section 1519 of the Bankruptcy Code, the Company

may be prevented from effectively asserting claims it may have against entities and assets

located in the United States until this chapter 15 case is officially recognized by this Court as a foreign main proceeding, to the detriment of the Company and its creditors.

2.    Specifically, lack of interim relief under section 1519(a)(3) of the Bankruptcy Code, pursuant to which the Foreign Representative would be entitled to relief under, among other subsections, 1521(a)(4) of the Bankruptcy Code, would cause harm to the Foreign Representative's efforts to administer the Company's estate pursuant to the Foreign Proceeding, as the Foreign Representative is conducting an ongoing investigation of the Company's assets located in the United States.

3.    Therefore, lack of such interim relief would likely undermine the Foreign Representative's efforts to achieve a global and equitable distribution for the benefit of both the Company and its creditors.  As a result, without such interim relief, both the Company and its creditors would likely suffer substantial injuries.

4.    The Foreign Representative has demonstrated a likelihood of success that the Company is subject to a pending foreign main proceeding in the Foreign Court and that the Foreign Representative is the foreign representative of the Company.

5.    Unless the interim relief is issued, there is a material risk the Company's assets could be subject to unauthorized transfer by parties against whom the Company could assert claims, thereby

(i)     potentially interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code,

(ii)    causing hardship to the Foreign Representative's efforts to conduct its investigation of the Company's assets and claims and administer the Company's estate pursuant to the Foreign Proceeding, and

(iii)   undermining the Foreign Representative's efforts to achieve an equitable result for the benefit of the Company's creditors.

As a result, the Company will suffer immediate and irreparable injury for which it will have no adequate remedy at law absent the Court granting the relief requested.

6.      The balance of equities tips in favor of the Foreign Representative, as the interim relief will cause minimal hardship to parties subject to such relief and there would be no inherent unfairness or element of surprise by granting the interim relief.

7.      The Foreign Representative has adequately pled the need for authority to conduct examinations pursuant to section 1521(a)(4) of the Bankruptcy Code and Bankruptcy Rule 2004.

8.      Venue in this District is proper pursuant to 28 U.S.C. §1410.

NOW THEREFORE, IT IS HEREBY

ORDERED, that the Motion is granted in all respects; and it is further

ORDERED that the Court entrusts the administration or realization of all of the Company's assets that are located in the United States to the Foreign Representative, pursuant to section 1519(a)(2) of the Bankruptcy Code; and it is further

ORDERED that the Court grants the Foreign Representative relief under section 1519(a)(3) of the Bankruptcy Code, suspending the right to transfer, encumber, or otherwise dispose of any assets of the debtor, pursuant to section 1521(a)(3) of the Bankruptcy Code; and it is further

ORDERED that the Court grants the Foreign Representative relief under section 1519(a)(3) of the Bankruptcy Code, providing for the examination of witnesses, the taking of evidence, or the delivery of information concerning the debtor's assets, affairs, rights, obligations, or liabilities, pursuant to section 1521(a)(4) of the Bankruptcy Code; and it is further

ORDERED that the Court grants the Foreign Representative relief under section 1519(a)(3) of the Bankruptcy Code, granting any additional relief that may be available to a

trustee to the Foreign Representative, pursuant to and subject to the limitations set forth in

section 1521(a)(7) of the Bankruptcy Code; and it is further

ORDERED that the Foreign Representative is authorized to serve *subpoenae duces*

*tecum*, substantially in the form annexed to the Motion as <u>Exhibit B</u>, upon Joseph M. Loparco

("<u>Loparco</u>"), James M. Quinn ("<u>Quinn</u>"), and representatives of Crane Merchandising Systems

("<u>Crane</u>") and American Business Concepts LLC ("<u>ABC</u>"), for any documents, communications,

and records relating to the facts set forth in paragraphs 2 through 18 of the Motion which may

lead to recoveries for the Company's creditors; and it is further

ORDERED that the Foreign Representative is authorized to take depositions upon oral

testimony, upon service of a demand substantially in the form annexed hereto as <u>Exhibit C</u>, of

Loparco, Quinn, and representatives of Crane and ABC, relating to the facts set forth in

paragraphs 2 through 18 of the Motion which may lead to recoveries for the Company's

creditors; and it is further

ORDERED that the Foreign Representative is authorized to issue further subpoenas and

to depose additional parties in the event that the Foreign Representative uncovers information

indicating that additional parties have documents or information relating to the facts set forth in

paragraphs 2 through 18 of the Motion which may lead to recoveries for the Company's

creditors; and it is further

ORDERED that notice of the Motion, together with the Petition and Verified Petition,

shall be served by overnight mail or United States Postal Service Express Mail upon the Office

of the United States Trustee and all parties listed on Exhibit A to that certain List Filed by the

Foreign Representative Pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy

Procedure of Administrators in Foreign Proceedings, Litigation Parties, and Entities Against

Whom Provisional Relief is Sought Under 11 U.S.C. § 1519; and it is further

ORDERED that service pursuant to this Order shall be good and sufficient service and

adequate notice for all purposes of the interim relief requested by the Foreign Representative in

the Motion; and it is further

ORDERED that the interim relief described above will remain in effect pending the

hearing to consider the Petition and the Foreign Representative's request for recognition of a

foreign main proceeding.

Dated: New York, New York
       October 16, 2009

                           *s/ James M. Peck*
                           Honorable James M. Peck
                           United States Bankruptcy Judge