**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
                                      :

In re:                                        :      Chapter 15
                                        :

Petition of Alexey Vasilyevich Grudtsin, as      :      Case No. 09-16064 (JMP)
Bankruptcy Trustee and Foreign Representative of  :
CJSC AUTOMATED SERVICES (a/k/a ZAO        :
AUTOMATED SERVICES)                          :
                                        :
              Debtor.                       :
                                        :
---------------------------------------------------------------x

## ORDER GRANTING RECOGNITION OF A FOREIGN
## MAIN PROCEEDING AND GRANTING RELIEF UNDER
## SECTIONS 1520 AND 1521 OF THE BANKRUPTCY CODE

Upon the verified petition (the "Verified Petition")[1] in furtherance of the Official Form Petition (the "Petition") of Alexey Vasilyevich Grudtsin, dated as of October 9, 2009, as the duly authorized bankruptcy trustee and foreign representative (the "Foreign Representative") of CJSC Automated Services (a/k/a ZAO Automated Services) (the "Company"), a company organized under the laws of the Russian Federation and the subject of an insolvency proceeding (the "Foreign Proceeding") pending before the Arbitration Court of the City of Moscow (the "Foreign Court"), seeking entry of an order recognizing the Foreign Proceeding as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the United States Code (the "Bankruptcy Code") and granting relief under sections 1520 and 1521 of the Bankruptcy Code; and a hearing having been held to consider the relief requested in the Verified Petition (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Verified Petition is in the best interest of the Company, its estate and creditors, and all parties in interest and that the legal

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Verified Petition.

and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court finds:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

2. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is a duly appointed foreign representative of the Company pursuant to section 101(24) of the Bankruptcy Code.

3. This chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code and the Petition and Verified Petition meet the requirements of section 1515 of the Bankruptcy Code.

4. The Foreign Proceeding, which is a foreign proceeding as defined by section 101(23) of the Bankruptcy Code, is pending before the Foreign Court.

5. The Foreign Court is located in the country where the Company has the center of its main interests and the Foreign Proceeding is a foreign main proceeding, as defined by section 1502(4) of the Bankruptcy Code.

6. The Foreign Proceeding is entitled to recognition by this Court as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

7. The Foreign Representative is entitled to all relief provided pursuant to sections 1520 and 1521 of the Bankruptcy Code, without limitation.

8. The relief requested under section 1521 of the Bankruptcy Code is necessary to effectuate the purpose of chapter 15 of the Bankruptcy Code and to protect the Company's assets and the interests of the Company's creditors.

9. The interests of the Company's creditors and other interested parties, including the Company itself, are sufficiently protected to warrant the relief requested under section 1521.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code; and it is further

ORDERED that the administration or realization of all or part of the Company's assets within the territorial jurisdiction of the United States is entrusted to the Foreign Representative; and it is further

ORDERED that the Foreign Representative may, pursuant to section 1521(a)(4) of the Bankruptcy Code and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), examine witnesses, take evidence, or require the delivery of information concerning the Company's assets, affairs, rights, obligations, or liabilities, and may enforce such rights against any party believed to possess information, documents, or records that would lead to recovery of the Company's assets; and it is further

ORDERED that the Foreign Representative may, pursuant to section 1521(a)(5) of the Bankruptcy Code, administer or realize all or part of the Company's assets within the territorial jurisdiction of the United States; and it is further

ORDERED that any relief previously granted by this Court under section 1519(a) of the Bankruptcy Code pursuant to that certain Order Granting Interim Relief Pursuant to Sections 1519 and 1521 of the Bankruptcy Code and Bankruptcy Rules 2004 and 9016, dated October 16, 2009 (the "Order Granting Interim Relief"), is hereby extended and made permanent pursuant to section 1521(a)(6) of the Bankruptcy Code; and it is further

ORDERED that the Foreign Representative is authorized to transfer to the Foreign Proceeding subject to this chapter 15 case for distribution, any monies, or assets of the Company, which the Company or the Foreign Representative have or may hereafter recover; and it is further

ORDERED that the commencement or continuation of any action or proceeding concerning the rights, obligations, or liabilities of the Company, including any action or proceeding against the Foreign Representative in his capacity as bankruptcy trustee of the Company, is stayed pursuant to section 1521(a)(1) of the Bankruptcy Code, to the extent not stayed under section 1520(a) of the Bankruptcy Code; and it is further

ORDERED that any execution against the Company's assets is stayed pursuant to section 1521(a)(2) of the Bankruptcy Code to the extent not stayed under section 1520(a) of the Bankruptcy Code; and it is further

ORDERED that the right to transfer, encumber, or otherwise dispose of any assets of the Company is suspended pursuant to section 1521(a)(3) of the Bankruptcy Code to the extent that right is not suspended under section 1520(a) of the Bankruptcy Code; and it is further

ORDERED that the relief granted by this Court pursuant to the Order Granting Interim Relief is hereby granted on a permanent basis pursuant to section 1521(a)(6) of the Bankruptcy Code; and it is further

ORDERED that the Foreign Representative is authorized to issue subpoenas and to depose parties in the event that he uncovers information indicating that additional parties have documents or information relating to the facts set forth in paragraphs 3 through 18 of the Verified Petition which may lead to recoveries for the Company's creditors; and it is further

ORDERED that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, and requests for any additional relief in this chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED that this Order shall be served by United States mail, first class postage prepaid, on or before November 25, 2009, upon the known parties in interest at the time of such service; and it is further

ORDERED that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      November 23, 2009

                                        *s/ James M. Peck*
                                    UNITED STATES BANKRUPTCY JUDGE