Jonathan D. Siegfried
Jeffrey J. Amato
Jeffrey S. Chubak
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

Attorneys for Alexey Vasilyevich Grudtsin, as
Bankruptcy Trustee and Foreign Representative of
CJSC Automated Services (a/k/a ZAO
Automated Services)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re: : Chapter 15
:
Petition of Alexey Vasilyevich Grudtsin, as : Case No. 09-16064 (JMP)
Bankruptcy Trustee and Foreign Representative of :
CJSC AUTOMATED SERVICES (a/k/a ZAO :
AUTOMATED SERVICES), :
:
        Debtor. :
:
---------------------------------------------------------------x

## NOTICE OF MOTION TO CLOSE CHAPTER 15 CASE

**PLEASE TAKE NOTICE** that a hearing on the attached motion (the "Motion") of Alexey Vasilyevich Grudtsin, as the duly authorized bankruptcy trustee and foreign representative of CJSC Automated Services (a/k/a ZAO Automated Services) (the "Foreign Representative"), to close the above-captioned chapter 15 bankruptcy case will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Custom House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on November 9, 2010 at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE NOTICE** that the deadline to file any objections or responses to the Motion is November 4, 2010 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline"). Objections or responses must conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, set forth the name of the objecting party and the basis for the objection, be filed with the Bankruptcy Court electronically, in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a compact disk, preferably in Portable Document Format (PDF), Microsoft Word, or any other Windows-based word processing format (with two hard copies delivered directly to the chambers of the Honorable James M. Peck), and be served upon (i) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10044 and (ii) the Foreign Representative's undersigned counsel.

**PLEASE TAKE FURTHER NOTICE** that if an objection or response to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

Dated: October 8, 2010  
      New York, New York

Respectfully Submitted,

/s/ Jeffrey S. Chubak  
Jonathan D. Siegfried  
Jeffrey J. Amato  
Jeffrey S. Chubak  
DEWEY & LEBOEUF LLP  
1301 Avenue of the Americas  
New York, New York 10019  
Tel: (212) 259-8000  
Fax: (212) 259-6333  

Attorneys for Alexey Vasilyevich Grudtsin, as Bankruptcy Trustee and Foreign Representative of CJSC Automated Services (a/k/a ZAO Automated Services)

Jonathan D. Siegfried
Jeffrey J. Amato
Jeffrey S. Chubak
DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Tel: (212) 259-8000
Fax: (212) 259-6333

Attorneys for Alexey Vasilyevich Grudtsin, as
Bankruptcy Trustee and Foreign Representative of
CJSC Automated Services (a/k/a ZAO
Automated Services)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 15
                                                               :
Petition of Alexey Vasilyevich Grudtsin, as                    :    Case No. 09-16064 (JMP)
Bankruptcy Trustee and Foreign Representative of               :
CJSC AUTOMATED SERVICES (a/k/a ZAO                             :
AUTOMATED SERVICES),                                           :
                                                               :
            Debtor.                                            :
                                                               :
---------------------------------------------------------------x

## MOTION TO CLOSE CHAPTER 15 CASE

Alexey Vasilyevich Grudtsin, as the duly authorized bankruptcy trustee and foreign representative (the "Foreign Representative") of CJSC Automated Services (a/k/a ZAO Automated Services) (the "Company"), a company organized under the laws of the Russian Federation and the subject of an insolvency proceeding pending before the Arbitration Court of the City of Moscow (the "Foreign Proceeding"), by his undersigned United States counsel, Dewey & LeBoeuf LLP, respectfully submits this motion (the "Motion") for an order closing the above-captioned case (the "Chapter 15 Case") under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") and respectfully represents as follows:

**Preliminary Statement**

On October 9, 2009, the Foreign Representative commenced the Chapter 15 Case. The primary objective of the Chapter 15 Case was to conduct discovery in the United States pursuant to Bankruptcy Code section 1521(a)(4) and investigate the viability of potential causes of action against individuals and corporate entities located in the United States. The Foreign Representative has conducted discovery and has determined that it does not currently wish to pursue claims against parties located in the United States. Consequently, the Foreign Representative no longer requires assistance from this Court in aid of the Foreign Proceeding, and, accordingly, the Chapter 15 Case should be closed.

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is properly located in this district pursuant to 28 U.S.C. § 1410.

**Background**

2. The pertinent facts relating to the commencement of the Chapter 15 Case are set forth in the *Verified Petition of the Foreign Representative under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding*, filed with the Court on October 9, 2009 [Docket No. 2], and are fully incorporated herein for all purposes.

3. On October 16, 2009, the Court entered that certain *Order Granting Interim Relief Pursuant to Sections 1519 and 1521 of the Bankruptcy Code and Bankruptcy Rules 2004 and 2006* [Docket No. 10] and on November 23, 2009, the Court entered that certain *Order Granting*

*Recognition of a Foreign Main Proceeding and Granting Relief under Sections 1520 and 1521 of the Bankruptcy Code* [Docket No. 15]. Following the Court's entry of these orders, the Foreign Representative served subpoenas for the production of documents and testimony and inspected such discovery. Thereafter, the Foreign Representative determined that it does not wish to pursue any claims in the United States at this time.

4. The Foreign Representative has liquidated all of the Company's assets and the Foreign Representative is not aware of any other assets that may be liquidated for the benefit of the Company and its estate. The process for resolving claims in the Foreign Proceeding has concluded and the Foreign Receiver expects an order to be entered on or about November 27, 2010 closing the Foreign Proceeding and the Company's bankruptcy case.

**Relief Requested**

5. The Foreign Representative seeks the entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, closing the Chapter 15 Case without prejudice. Bankruptcy Code section 1517(d) provides, in relevant part, that "[a] case under this chapter may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Bankruptcy Code section 350(a), in turn, provides that a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a). Pursuant to Bankruptcy Code section 350(b), the Chapter 15 Case, when closed, may be reopened for cause. *See* 11 U.S.C. § 350(b) ("A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause").

6. As described above, the Foreign Representative has liquidated all of the Company's assets and the Foreign Proceeding is expected to close on or about November 27, 2010. Given the status of the Foreign Proceeding, the Foreign Representative does not anticipate

any further need for assistance from this Court. Indeed, upon the closing of the Foreign Proceeding, there will no longer be a "foreign proceeding" within the meaning of Bankruptcy Code section 101(23) and the Foreign Representative's authority to act as bankruptcy trustee for the Company will cease pursuant to applicable Russian Federation insolvency law. Thus, upon the closing of the Foreign Proceeding, the Foreign Representative will no longer be a "foreign representative" within the meaning of Bankruptcy Code section 101(24). Accordingly, it is appropriate for this Court to close the Chapter 15 Case.

7. If, subsequent to the closing of the Chapter 15 Case, the Foreign Representative (or another foreign representative, if any), requires assistance from this Court in connection with the Foreign Proceeding, it should not be precluded from seeking such future assistance. Accordingly, the closing of the Chapter 15 Case should be without prejudice to the right of a foreign representative to seek an order reopening the Chapter 15 Case pursuant to Bankruptcy Code section 350(b). However, closing the Chapter 15 Case at this time is appropriate for reasons described above. Except for this Motion, there is no outstanding request for relief in the Chapter 15 Case.

## Conclusion

WHEREFORE, the Foreign Representative respectfully requests that this Court grant the relief requested herein, enter the Order attached hereto as Exhibit A, and grant such other and further relief as the Court deems just and proper.

Dated: October 8, 2010  
      New York, New York

Respectfully Submitted,

/s/ Jeffrey S. Chubak  
Jonathan D. Siegfried  
Jeffrey J. Amato  
Jeffrey S. Chubak  
DEWEY & LEBOEUF LLP  
1301 Avenue of the Americas  
New York, New York 10019  
Tel: (212) 259-8000  
Fax: (212) 259-6333  

Attorneys for Alexey Vasilyevich Grudtsin, as Bankruptcy Trustee and Foreign Representative of CJSC Automated Services (a/k/a ZAO Automated Services)

# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 15
                                                               :
Petition of Alexey Vasilyevich Grudtsin, as                    :    Case No. 09-16064 (JMP)
Bankruptcy Trustee and Foreign Representative of               :
CJSC AUTOMATED SERVICES (a/k/a ZAO                             :
AUTOMATED SERVICES),                                           :
                                                               :
           Debtor.                                             :
                                                               :
---------------------------------------------------------------x

## ORDER CLOSING CHAPTER 15 CASE

Upon the motion (the "Motion") of Alexey Vasilyevich Grudtsin, as the duly authorized bankruptcy trustee and foreign representative of CJSC Automated Services (a/k/a ZAO Automated Services) for an order closing the above-captioned chapter 15 case, all as more fully described in the Motion; and adequate notice of the Motion and opportunity for objection having been given; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all proceedings had before the Court; and the Court having determined that the relief sought in the Motion is appropriate; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the above-captioned chapter 15 case is hereby closed, without prejudice to the right to seek an order reopening the case pursuant to section 350(b) of title 11 of the United States Code.

Dated: _____, 2010
       New York, New York

                                        _____
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge

NYA 624641.2